UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TOMMIE JOE DENSON, | § | |
| TDCJ #00687907, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-119 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Tommie Joe Denson filed a petition for a writ of habeas corpus (Dkt. 1) seeking relief from a prison disciplinary conviction. After reviewing the pleadings, the applicable law, and all matters of record, the Court will dismiss this action for the reasons explained below.

### I. BACKGROUND

Denson is serving a sixty-year sentence in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ") for a conviction in Potter County. TDCJ's public records reflect that his sentence is the result of convictions for burglary of a habitation and aggravated sexual assault.

Denson's petition seeks relief from a conviction in disciplinary case number 20180189456 (Dkt. 1, at 5). The challenged disciplinary conviction was entered against him while confined at the Ramsey I Unit in Rosharon, Texas. Denson states that he was charged with attempting to possess a cell phone and was found guilty on March 21, 2018. As a result of the conviction, Denson forfeited 180 days of previously earned good-time

credit. He states that he also lost forty-five days of recreation privileges, forty-five days of commissary privileges, and forty-five days of Offender Telephone System privileges; that his line class and custody level were changed; and that his aunt was removed from his visitation list. Denson alleges due process violations, insufficient evidence supporting the conviction, and bias in the classification board. He states in his petition, signed on March 27, 2018, that he appealed the guilty finding through TDCJ's grievance procedure and that his appeal is currently pending.

## II.  PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit).

As a preliminary matter, the Court notes that Denson received his disciplinary conviction on March 21, 2018, and that his administrative appeal was pending at the time he filed his petition in this Court. Under 28 U.S.C. § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Texas prisoners who challenge the result of a prison disciplinary conviction must seek relief through the two-step prison grievance process that is available within the TDCJ. *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986); *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993). *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (describing the two-step grievance process available in TDCJ); TEX. GOV'T CODE § 501.008. Therefore, the petition is subject to dismissal for failure to exhaust administrative remedies.

More fundamentally, Denson cannot demonstrate a constitutional violation in this case because he admits that he is ineligible for mandatory supervision (Dkt. 1, at 5). As a matter of Texas law, prisoners convicted of aggravated sexual assault are not eligible for mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(8). This is fatal to his claims. *See Malchi*, 211 F.3d at 957-58. Moreover, although Denson's conviction also resulted in the loss of privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability also are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Under these circumstances, Denson cannot demonstrate a constitutional violation and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 8th day of May, 2018.

George C. Hanks Jr.
United States District Judge